JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DANIEL JOSEPH MARQUEZ, | Case No. 8:20-cv-01190 SSS (ADS) |
|---|---|
| Petitioner, | |
| v. | **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| M. POLLARD, *et al.*, | |
| Respondent. | |

## I. INTRODUCTION

Before the Court is a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Daniel Joseph Marquez ("Petitioner"). (Dkt. No. 37.) On March 21, 2022, the Court received returned mail from Petitioner's listed address: R.J. Donovan Prison, 480 Alta Rd., San Diego, CA 92179. (Dkt. No. 41.) On April 6, 2022, Respondent filed a Motion to Dismiss the First Amended Petition. (Dkt. No. 42.) Petitioner's opposition, if any, was due on April 26, 2022. (See Dkt. 7 at 2.) Petitioner did not file an opposition to the Motion to Dismiss.

On July 5, 2022, the Court received returned mail. (Dkt. No. 45.) As a result, on July 8, 2022, the Court issued an Order Regarding Failure to Update Address and ordered Petitioner to update his address by no later than July 29, 2022. (Dkt. No. 46.) On July 28, 2022, the Court again received returned mail. (Dkt. No. 47.) On August 2, 2022, the Court issued an Order to Show Cause Regarding Failure to Update Address, ordering Petitioner to show cause why this action should not be dismissed, or in the alternative, ordering Petitioner to file a Notice of Change of Address by August 16, 2022. (Dkt. No. 48.) On August 22, 2022, the Court received the August 2, 2022 Order as returned mail. (Dkt. No. 49.) As of today's date, Petitioner has not filed a Notice of Change of Address with an address at which he can receive mail.

II.     **FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESS**

Petitioner failed to keep the Court apprised of his current address and other contact information, which he is required to do as a pro se litigant.  L.R. 41-6.  If a pro se party has not filed a notice of change of address within 14 days of the service of a Court order, the action is subject to dismissal for failure to prosecute.  Id.

In this case, the Court received returned mail four times beginning on March 21, 2022.  (Dkt. Nos. 41, 45, 47, 49.)  The Court issued an Order Regarding Failure to Update Address on July 8, 2022, ordering Petitioner to update his address by no later than July 29, 2022.  (Dkt. No. 46.)  Upon receiving returned mail, the Court issued an Order to Show Cause Regarding Failure to Update Address on August 2, 2022, ordering Petitioner to respond by no later than August 16, 2022.  (Dkt. No. 48.)  Since then, Petitioner has not filed a Notice of Change of Address nor otherwise communicated with the Court.  Petitioner does not have a telephone number or email address on file with the Court.  Consequently, this action is subject to dismissal for failure to prosecute.

III.    **FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

Petitioner has failed to prosecute this habeas petition and comply with court orders.  Petitioner did not file an opposition to the Motion to Dismiss or a Notice of

3

Change of Address by the court-ordered deadlines. He also has not informed the Court of his other contact information. The July 8, 2022 Order Regarding Failure to Update Address and the August 2, 2022 Order to Show Cause expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed for failure to prosecute and obey Court orders pursuant to the Central District of California's Local Rule ("Local Rule") 41-6 and Federal Rule of Civil Procedure 41(b). (Dkt. Nos. 46, 48.) As of the date of this Order, approximately four months has passed since Petitioner's opposition was due and more than six months has passed since Petitioner's last pleading in this matter. (See Dkt. Nos. 7 at 2, 37, 39.) Petitioner has not complied with the Court's orders requiring his response regarding his current address, nor has he communicated with the Court.

      Petitioner's repeated failure to respond despite court orders to do so reflects a lack of prosecution of the case and failure to comply with court orders. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five <u>Carey</u> factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's orders warrant dismissal. The first two <u>Carey</u> factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive. The third factor—risk of prejudice to Respondent—also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976) (stating that the "law presumes injury from unreasonable delay"). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal.

Finally, Petitioner has already been cautioned twice of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed. Petitioner has been afforded opportunities to respond yet has not done so. Moreover, the Court is unable to correspond with Petitioner regarding his case without his current contact information. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b) and Local Rule 41-6.

///

## IV. CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-6.

IT IS SO ORDERED.

Dated:  August 29, 2022

_____
THE HONORABLE SUNSHINE S. SYKES
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge